# Joynes, to use, *v.* Pennsylvania Railroad Company, Appellant.

*Carriers—Railroad—Detention of goods—Obstruction in yards —Case for jury.*

In an action against a railroad company to recover damages for loss on produce, it is reversible error for the court to refuse to submit the case to the jury, where the plaintiff's evidence that the loss was due to an unreasonable delay of the cars containing the goods in the outer yard of the defendant company and failure to carry them to the produce yard is met by evidence that the detention in the outer yards was caused by a congestion of cars in the produce yard occasioned by an extraordinary demand for yard facilities which the defendant could not have reasonably anticipated.

Argued Nov. 5, 1912. Appeal, No. 221, Oct. T., 1912,

by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1907, No. 396, on verdict for plaintiff in case of H. W. Joynes for use of A. T. James v. The Pennsylvania Railroad Company.    Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for loss on perishable goods.    Before DAVIS, J.

The facts appear in Joynes v. Pennsylvania Railroad Co., 235 Pa. 232, and the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $23,797.33. Defendant appealed.

*Error assigned* was answer to point quoted in the opinion of the Supreme Court.

*Thomas Patterson,* of *Patterson, Sterrett* and *Acheson,* for appellant.

*Stephen Stone,* with him *Wm. A. Stone,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

The facts of this case were so fully recited in the discussion on the former appeal, 235 Pa. 232, that incidental reference to the general features of the case is all that is here required.    The appeal raises a single question, viz, the correctness of the court's ruling on the following point submitted on the part of the plaintiff, "If the jury believes the uncontradicted evidence of the plaintiff and his witnesses in the case, the verdict should be for the plaintiff, for such damages under the evidence as they shall find the plaintiff sustained by reason of the failure of the defendant to promptly transport the potatoes, as set forth in the statement of claim filed in this case."    The court's answer was, "Under the law and evidence as presented, the point is affirmed."

The action was for the recovery of damages which re-

sulted in consequence of the defendant's failure to deliver at its produce yard, within a reasonable time after their arrival at Pittsburgh, certain cars laden with potatoes consigned to the plaintiff. The evidence showed that the potatoes were in good and sound condition when they reached the outer yard of the defendant company in Pittsburgh, and that during an unusual detention there of the cars in which they were loaded, for a period varying from one to eighteen days, they became heated and were rendered unmarketable. Thus a prima facie case was established for the plaintiff, and the burden was then thrown upon the defendant to show that the detention of the cars at the outer station, that being the proximate cause of the injury, arose from a cause for which it was not responsible. The cause the company assigned was a congestion of cars carrying produce in the company's produce yard, occasioned by an extraordinary demand at the time for yard facilities which the defendant could not have reasonably anticipated. Evidence was offered in support of this explanation. Admittedly the congestion existed, and it was undisputed that, so long as it was unrelieved, accommodation there for the plaintiff's cars could not be afforded. Was the congestion an obstruction that reasonable care and diligence on the part of the defendant could have avoided or removed? If it was, then the explanation advanced would be insufficient to relieve the defendant from liability; if otherwise, exemption would follow. The question was one of fact to be determined in the light of all the evidence, and could therefore be resolved by the jury only. The affirmation of the point submitted on behalf of the plaintiff was a positive denial of the defendant's right to have the question of its negligence, in connection with the proximate cause of the injury, passed upon by the jury. This was clear error and calls for a reversal of the judgment. It is accordingly so ordered and a venire de novo is directed.